UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARRYL COLLINS | 20 CR 394<br><br>Hon. John F. Kness |

## JOINT PRETRIAL STATEMENT

This joint pretrial statement is being submitted pursuant to the Court's order of October 8, 2021. Dkt. 66. Enclosed are: (1) a proposed statement of the case; (2) proposed jury instructions and verdict form; (3) proposed forfeiture waiver; and (4) proposed *voir dire* questions. The defendant requests additional time to consider whether to agree to the forfeiture waiver.

The parties are not requesting any changes or special provisions for the number or allocation of peremptory strikes.

The parties are still considering whether to make use of the Jury Evidence Recording System (JERS) and will inform the Court's deputy of that decision.

The parties do not have any agreed stipulations at this time, but anticipate reaching agreement on a number of stipulations prior to trial.

By:    */s/ Julia K. Schwartz*
MATTHEW F. MADDEN
JULIA K. SCHWARTZ
Assistant U.S. Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

By:    */s/ James A. Graham*
JAMES A. GRAHAM
Attorney at Law
53 W. Jackson Blvd.
Suite 703
Chicago, Illinois 60604
(312) 922-3777
Facsimile: (312) 663-5386

Dated: October 14, 2021

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 20 CR 394 |
| v. | Hon. John F. Kness |
| DARRYL COLLINS | |

## STATEMENT OF THE CASE

The indictment alleges that on or about July 22, 2020, the defendant, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, was knowingly in possession of ammunition, namely, one 9 millimeter expended cartridge casing of Federal Cartridge Co. ammunition, six 9 millimeter cartridges of Companhia Brasileira de Cartuchos ammunition, one 9 millimeter cartridge of Gustav Genschow & Co. ammunition, two 9 millimeter cartridges of CCI/Speer Operations ammunition, and three 9 millimeter cartridges of Herter's Inc. ammunition, which ammunition had traveled in interstate and foreign commerce prior to the defendant's possession of the ammunition.

The defendant has denied that he is guilty.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:  /s/ Matthew F. Madden
MATTHEW F. MADDEN
JULIA K. SCHWARTZ
Assistant United States Attorneys
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 20 CR 394 |
| v. | Hon. John F. Kness |
| DARRYL COLLINS | |

## **JOINT PROPOSED VOIR DIRE QUESTIONS**

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, Jr., United States Attorney for the Northern District of Illinois, Eastern Division, and defendant DARRYL COLLINS, respectfully submit the following proposed *voir dire* questions.

1.  Do you know or have you heard of any of the parties or attorneys in this case from your personal life, media reports, or any other way?

2.  Where were you born and raised?

3.  What suburb or neighborhood in the City of Chicago do you now live in?

4.  Are you married, divorced, separated or widowed?

5.  Who do you live there with?

6.  Do you own your home or rent?

7.  What is the name of your current employer, your job title and job description? If you are no longer employed, list you last employer, job title and job description.)

    a.  For how long have you had this job?

    b.  Do you supervise anyone at work?

8.  What other jobs have you had in your working life?

9. What do the other adults, if any, who live in your home do for a living? Please list their occupation and employer.

10. If you have children or stepchildren, please list for each child his or her gender, age, where they reside, education level, and (if applicable) occupation?

11. What do you like to do in your free time?

12. What is your educational background?

13. What do you like to read on a regular basis?

14. What types of shows do you watch on television?

15. What is your main source of news? Newspaper, Radio, Television, Internet?

16. What types of sites do you visit on the internet?

17. Which of the following apply to you?

    a. I regularly read blogs. ___ Yes ___ No

    b. I regularly comment on other people's blogs. ___ Yes ___ No

    c. I maintain a personal blog. ___ Yes ___ No

    d. I maintain a blog for work, school or other organization I belong to.
       ___ Yes ___ No

18. What groups, clubs or organizations do you belong to? Do you hold any position of authority in them?

19. Have you ever served on a jury before? If so,

    a. How many times?

        b. When?

        c. Civil or criminal case?

        d. What court system?

        e. Without saying what the verdict was, did the jury deliberate and reach a verdict?

20. Have you or anyone in your immediate family ever worked for a federal. State county or local government agency, entity or school district?

21. Have you ever applied for a job with a government agency or entity?

22. Have you ever worked for a company that did business with a government agency or entity?

23. Have you or any immediate members of your family ever served in any branch of the Armed Forces of the United States (including military reserve or ROTC)? If yes, what branch and when?

24. Do you have any family member or close friend who works with or for any law enforcement agency, such as a police department, the FBI, the DEA, the ATF or the Secret Service?

25. Do you have any family member or close friend who works with or is a lawyer that practices in the area of criminal law, or who is a private investigator?

26. Have you ever had any legal training or law courses or ever worked in a law office?

27. Have you or any close friend or relative ever been arrested, charged or

convicted of a crime, other than a minor traffic violation?  If "yes," please

indicate:

a.  the individual's relationship to you;

b.  the nature of the offense;

c.  the disposition of any charge(s).

Is there anything about this experience that would prevent you from

being fair and impartial in this case?

28.  Have you or your spouse ever filed for bankruptcy?  If so, when?

29.  Have you or any close friend or relative ever been the victim of or witness

to a crime? If so, is there anything about this experience that would

prevent you from being fair and impartial in this case?

30.  Have you ever testified either in a trial or before a grand jury in a

criminal case?  If so, when and where did you appear as a witness and

what was the nature of your testimony?

31.  This case was investigated by officers and agents from the Bureau of

Alcohol Tobacco Firearms and Explosives (ATF) and the Chicago Police

Department (CPD).  Have you or any close friend or relative had any

experience with the ATF or CPD?

32.  You will hear testimony from law enforcement agents. Would the fact

that a witness works for a law enforcement agency affect your ability to

consider his or her testimony in the same manner as the testimony of

any other witness? Is there anything about ATF or CPD or any other

law enforcement agencies that would prevent you from being fair and impartial in this case? If yes, please explain.

33. Have you or any member of your family or any close friend ever filed a claim or case against the federal government or had a legal dispute with the federal government? If so, please state the nature of the claim or dispute, any resolution of the matter, and when and where the dispute occurred.

    a. Was there anything about those proceedings or the circumstances leading up to them that you found upsetting or troubling?

    b. Was there anything about those proceedings that left you with negative feelings about the federal government?

34. Do you have any strong opinions regarding firearms or ammunition that would prevent you from being fair to the government or the defendant in an ammunition possession case?

35. Do you hold any religious, moral, ethical, or other beliefs or principles that would make it difficult for you to sit in judgment of another person?

36. Under the United States Constitution, a person accused of a crime does not have to testify in his defense or present any witnesses and his silence may not be used against him. Can you abide by this constitutional requirement?

37. The Court will instruct you that you may draw no inference against a defendant from the fact that he has been indicted. Would you have any

difficulty applying the Court's instruction on this point?

38.   The Court will instruct you that the law does not impose on a defendant any obligation to present any evidence or to prove his innocence. The burden of proof always remains on the government, and the government must prove its case beyond a reasonable doubt. If after receiving all of the evidence in this case, you believe the government has met its burden, will you sign a guilty verdict? Likewise, if you do not believe the government has met its burden, would you sign a not guilty verdict?

39.   At various times during the case, the Court will instruct you about the applicable law.  It is your obligation to follow the Court's instructions about the law whether you agree with the law or not.  Do you have any difficulty with the notion that you must accept and follow the Court's instructions?  Will you be able to follow the Court's instructions about the law even if you think the law should be different?

40.   This trial is scheduled to last up to a week. Is there any reason why serving as a juror in this case would be an extreme hardship for you? If yes, please explain.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney


By:   */s/ Matthew F. Madden*
      MATTHEW F. MADDEN
      JULIA K. SCHWARTZ
      Assistant U.S. Attorneys
      219 S. Dearborn Street
      Chicago, Illinois 60604
      (312) 353-5300


By:   */s/ James A. Graham*
      JAMES A. GRAHAM
      Attorney at Law
      53 W. Jackson Blvd.
      Suite 703
      Chicago, Illinois 60604
      (312) 922-3777
      Facsimile: (312) 663-5386

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 20 CR 394 |
| v. | |
| DARRYL COLLINS | Hon. John F. Kness |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR.,
United States Attorney for the Northern District of Illinois, respectfully submits its
proposed jury instructions and verdict form in this case. Defense counsel has
reviewed these proposed jury instructions, and does not have additions at this time.
The parties reserve their right to propose edits and additional instructions before
trial.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     */s/ Matthew F. Madden*
        MATTHEW F. MADDEN
        JULIA K. SCHWARTZ
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-6630

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1
 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.01

*Throughout these proposed instructions, the bracketed language is to be used if necessary.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the following crime: possession of ammunition by an individual previously convicted of a crime punishable by a term of imprisonment exceeding one year.

The defendant has pleaded not guilty to the charge.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath[,] [and] the exhibits that I allowed into evidence[, and the stipulations that the lawyers agreed to]. [A stipulation is an agreement that certain facts are true.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.04

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

GOVERNMENT INSTRUCTION NO. 8
 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before July 22, 2020, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year. You may consider this evidence only for the purposes of determining whether the defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, and whether the defendant knew he had previously been convicted of such an offense. You may not consider it for any other purpose.

GOVERNMENT INSTRUCTION NO. 11
 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.06 (modified)

You have heard from the following witness who gave opinions and testimony about certain subjects:

- Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Reid Schwartzel, who gave opinions and testimony about ammunition, shell casings, and the firearm.

- Chicago Police Department Evidence Technician Joseph Serio, who gave opinions and testimony about shell casings and the firearm.

- Chicago Police Department Evidence Technician Richard Tunzi, who gave opinions and testimony regarding latent fingerprints.

- Bureau of Alcohol, Tobacco, Firearms and Explosives Forensic Scientist Tyiesha Moore, who gave opinions and testimony regarding DNA.

- Christopher Samuel Palenik, Microtrace, who gave opinions and testimony regarding gunshot residue analysis. [Subject to potential government objection]

You do not have to accept this witness's opinions or testimony. You should judge this witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

GOVERNMENT INSTRUCTION NO. 12
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.13 (modified)

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given a transcript of a conversation to help you follow the recording as you listened to it. The recordings are the evidence of what was said and who said it. The transcript is not evidence. If you noticed any differences between what you heard and what you read in the transcript, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

[I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings or view the videos during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.]

[If, during your deliberations, you wish to have another opportunity to view any transcript as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcript.]

GOVERNMENT INSTRUCTION NO. 14
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.14

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 15
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 3.18

The indictment charges defendant with unlawful possession of ammunition by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly possessed ammunition;

2. At the time of the possession, the defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;

3. At the time of the possession, the defendant knew that he had been convicted of a crime punishable by imprisonment for more than one year; and

4. The ammunition had been shipped or transported in interstate or foreign commerce before defendant possessed it.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 16
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.01, 18 U.S.C. § 922(g) Unlawful Possession or Receipt of a Firearm or Ammunition by a Prohibited Person – Elements (modified)

"In or affecting commerce" and "interstate or foreign commerce" include commerce between any place in a State and any place outside of that State. The terms do not include commerce between places within the same State but through any place outside of that State.

This requirement is satisfied if the ammunition traveled in interstate or foreign commerce prior to the defendant's possession of it. Ammunition has traveled in interstate or foreign commerce if it has traveled between one State and any other State or country, or across a State or national boundary line. The government need not prove how the ammunition traveled in interstate commerce; that the ammunition's travel was related to the defendant's possession of it; or that the defendant knew the ammunition had traveled in interstate commerce.

GOVERNMENT INSTRUCTION NO. 17
 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 18 U.S.C. § 922(g) Definitions of "In or Affecting Commerce" and "In Interstate or Foreign Commerce" (modified)

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A person possesses an object if he knowingly has the ability and intention to exercise control over the object, either directly or through others. [A person may possess an object even if he is not in physical contact with it [and even if he does not own it].]

 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.13

"Ammunition" means ammunition or cartridge cases, primers, or propellant powder designed for use in any firearm.

GOVERNMENT INSTRUCTION NO. 20
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 18 U.S.C. § 922(g) Definition of "Ammunition"

The indictment charges that the crime happened "on or about" July 22, 2020.

The government must prove that the crime happened reasonably close to that date.

The government is not required to prove that the crime happened on that exact date.

GOVERNMENT INSTRUCTION NO. 21
The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 4.05

The intentional flight of a person after the commission of a crime is not sufficient in itself establish his guilt. You may, however, consider evidence of intentional flight along with all the other evidence in the case in determining whether the government has proven the defendant's guilt.

GOVERNMENT INSTRUCTION NO. 22
*United States v. Russell*, 662 F.3d 831, 850 (7th Cir. 2011); *United States v. Skoczen,* 405 F.3d 537, 549 (7th Cir.2005); *United States v. Jackson*, 572 F.2d 636, 641 (7th Cir. 1978).

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 24
 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.01 (modified)

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 26
 The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

DARRYL COLLINS

20 CR 394

Hon. John F. Kness

## **VERDICT FORM**

With respect to the charge in the indictment, we, the jury, find as follows as to

defendant **DARRYL COLLINS**:

NOT GUILTY \_\_\_\_\_          GUILTY \_\_\_\_\_


_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____
DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

DARRYL COLLINS

20 CR 394

Hon. John F. Kness

## **WAIVER OF FORFEITURE DETERMINATION BY JURY**

Comes now, DARRYL COLLINS, defendant in the above-entitled matter, and by his attorney, James A. Graham, states as follows:

1.  On August 18, 2020, defendant DARRYL COLLINS was charged in an Indictment with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Indictment included an allegation that certain property is subject to forfeiture;

2.  In the event defendant DARRYL COLLINS is found guilty of the charged offense requiring forfeiture, he has a right to have a jury decide whether certain property belonging to him is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 924(d)(1), by a preponderance of the evidence;

3.  The verdict of the jury on the forfeiture allegation must be unanimous;

4.  Defendant DARRYL COLLINS has had an opportunity to discuss this waiver with counsel and he understands that by signing this waiver he relinquishes his right to have a jury consider whether certain property is subject to forfeiture;

5.  If a jury is waived, the judge alone will decide whether certain property belonging to defendant DARRYL COLLINS is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 924(d)(1);

6. Understanding the above, defendant DARRYL COLLINS hereby waives his right to a jury determination of the forfeiture allegation and agrees, instead, to allow the court to determine issues relating to the forfeiture.

_____
DARRYL COLLINS
Defendant

_____
JAMES A. GRAHAM
Attorney for Defendant

JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby consents to the waiver by the above-named defendant of a jury determination of the forfeiture allegations in the above-entitled matter.

JOHN R. LAUSCH, JR.
United States Attorney

By:    _____
JULIA K. SCHWARTZ
MATTHEW F. MADDEN
Assistant United States Attorneys

7. Having considered all of the circumstances surrounding the defendant's choice of a non-jury deliberation of the forfeiture allegation and the due administration of justice, the defendant's waiver of his right to a jury determination of the forfeiture allegation is approved.

_____
JOHN F. KNESS
United States District Judge